Gregory G. Skordas (#3865)
Gabriela Mena (#17087)
SKORDAS & CASTON, LLC
124 South 400 East, Suite 220
Salt Lake City, UT 84111
Telephone: (801) 531-7444
Facsimile: (801) 665-0128
Attorneys for Defendant
gskordas@schhlaw.com
gmena@schhlaw.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATE OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WANEKA ROSEBUD CORNPEACH,<br><br>Defendant. | **MOTION TO CONTINUE JURY TRIAL**<br><br>Case No. 2:23-CR-00434-HCN-DAO<br><br>Judge Howard C. Nielson Jr.<br><br>Magistrate Judge Daphne A. Oberg |

    Defendant, Waneka Rosebud Cornpeach, by and through the undersigned counsel, moves to continue for 120 days the 5-day jury trial date currently set form May 21, 2024 and exclude time under the Speedy Trial Act. Counsel for the United States does not oppose the motion, which is made in accordance with 18 U.S.C. § 3161. This motion is based on the following:

### FACTUAL BACKGROUND

    An indictment was issued on November 29. 2023. The Court arraigned the Defendant on November 30, 2023. Trial was set for February 6, 2023, which was within the 70-day time period under the Speedy Trial Act. Defendant moves to continue trial pursuant to 18 U.S.C. § 3161(h)(7)(A) (ends of justice). This is the Second request to continue trial in this matter.

## ARGUMENT

Defendant seeks a continuance under 18 U.S.C. § 3161(h)(7)(A). The time requested is reasonable and excludable under the Speedy Trial Act. The facts that support the continuance are:

1. Defense counsel continues to review discovery with the Defendant and to discuss potential resolutions. Additionally, the parties are actively involved in plea negotiations which cannot be completed prior to completely reviewing all the discovery that has been provided. Additional time is needed to ensure defense counsel and the Defendant have properly reviewed all the discovery.

2. The undersigned counsel is investigating potential expert witnesses who may appear on behalf of the Defendant. That investigation cannot be completed prior to the scheduled trial date, and additional time is needed to complete that process. Under these circumstances, it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161. Ms. Cornpeach is not in custody. Counsel has conferred with her and explained the need for the continuance, and she agrees that the defense will not be hindered or prejudiced by the delay. Counsel for the United Sates, Kelly Churnet, has been contacted and does not object to a continuance based upon the reasons stated above. There are no other defendants. A failure to continue trial under these circumstances would result in a miscarriage of justice and would deny counsel for Defendant a reasonable time necessary for effective preparation.

## CONCLUSION

For these reasons, Ms. Cornpeach moves to continue trial for 120 days. The ends of justice served by granting the continuance outweigh the interests of the public and the defendant in a trial as currently set; therefore, the time requested is excludable under 18 U.S.C. § 3161(h)(7).

Respectfully submitted this 8th day, of April, 2024.

                                                        SKORDAS & CASTON, LLC

                                                       */s/ Gregory G. Skordas* _____
                                                       Gregory G. Skordas

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2024, I electronically filed a true and correct copy of the foregoing MOTION TO CONTINUE JURY TRIAL, with the Clerk of the Court using ECF system.

/s/ Lauren Norene - Legal Assistant
SKORDAS & CASTON, LLC