FELICE JOHN VITI, Acting United States Attorney (#7007)
Brian Dunn, Assistant United States Attorney (#Co Bar No 40210)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 23-cr-434-HCN-DAO |
|---|---|
| Plaintiff, | |
| | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| Waneka Cornpeach, | |
| Defendant. | Judge Howard C. Nielson |

    I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

    1.    As part of this agreement with the United States of America, I intend to plead guilty to Counts 1 and 4 of the Indictment. My attorney has explained the nature of the Assault With a Dangerous Weapon While Within Indian Country (Count 1) and Assault Resulting in Serious Bodily Injury While Within Indian Country (Count 4) against me, and I have had an opportunity to discuss the nature of the Assault With a Dangerous Weapon While Within Indian Country (Count 1) and Assault Resulting in Serious Bodily Injury While Within Indian Country (Count 4) with my attorney. I understand the Assault With a Dangerous Weapon While Within Indian Country (Count 1) and Assault Resulting in Serious Bodily Injury While Within Indian Country (Count 4) and what the United States is required to prove to convict me. The elements of Count Assault With a Dangerous Weapon While Within Indian Country (Count 1) and Assault Resulting in Serious Bodily Injury While Within Indian Country (Count 4) are:

    **Count 1**

*First*, the defendant assaulted the victim;

*Second*, the defendant acted with specific intent to do bodily harm to the victim;

*Third*, the defendant used a dangerous weapon;

*Fourth*, the assault occurred within Indian Country, as defined by Federal law;

*Fifth*, the defendant is an Indian, as defined by Federal law.

**Count 4**

*First*, the defendant assaulted the victim;

*Second*, as a result, the victim suffered serious bodily injury;

*Third*, the assault occurred within Indian Country, as defined by Federal law;

*Fourth*, the defendant is an Indian, as defined by Federal law.

    2.    I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 18 U.S.C. §§ 113(a)(3) and 1153 is a term of imprisonment of 10 years, a fine of $250,000, a term of supervised release of 36 months, and any applicable forfeiture. The maximum possible penalty provided by law for Count 4 of the Indictment, a violation of 18 U.S.C. §§ 113(a)(6) and 1153 is a term of imprisonment of 10 years, a fine of $250,000, a term of supervised release of 36 months, and any applicable forfeiture I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

    a.    Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

    b.    I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

    3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation

of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4.   I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.   I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.   I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> a. I have a right to the assistance of counsel at every stage of the proceeding.
>
> b. I have a right to see and observe the witnesses who testify against me.
>
> c. My attorney can cross-examine all witnesses who testify against me.
>
> d. I have the right to testify and present evidence, to call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.
>
> e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.
>
> f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.
>
> g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.
>
> h. It requires a unanimous verdict of a jury to convict me.
>
> i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7.   If I plead guilty, I will not have a trial of any kind.

8.   I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in

this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> On July 17, 2022, in Uintah County, in the State of Utah, within the exterior boundaries of the Uintah and Ouray Reservation, Indian Country, I used a firearm to shoot Victim C.Y., listed in count 1 of the Indictment. I shot Victim A with the intent to do bodily harm to him. I am an enrolled member of the Ute Indian Tribe. I admit that these actions are a violation of 18 U.S.C. §§ 113(a)(3) and 1153.

> On July 17, 2022, in Uintah County, in the State of Utah, within the exterior boundaries of the Uintah and Ouray Reservation, Indian Country, I used a firearm to shoot Victim C.F., listed in count 4 of the Indictment. As a result, C.F. suffered serious bodily injury. I am an enrolled member of the Ute Indian Tribe. I admit that these actions are a violation of 18 U.S.C. §§ 113(a)(6) and 1153.

12. The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

　　a. **Guilty Plea.** I will plead guilty to Counts 1 and 4 of the Indictment.

　　b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 2 and 3 of the Indictment at the time of sentencing.

　　c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

　　d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the

opinion of the United States, I clearly demonstrate acceptance of responsibility for my offenses, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

    e. **Recommended Sentence**. Pursuant to Rule 11(A) and (B) of the Federal Rules of Criminal Procedure, the government agrees to recommend a sentence of not more than 24 months' imprisonment followed by a term of 36 months supervised release, with the conditions of supervision recommended by the United States Probation Department.

    (1) I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

    f. **Appeal Waiver.**

    (1)    Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

    (2)    I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective

assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

(3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

g. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

h. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

i. **Restitution.**

(1) I agree that I am subject to mandatory restitution because my case falls within the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1) based on offenses described in § 3663A(c)(1) that gave rise to this plea agreement. My attorney has explained what mandatory restitution means.

(2) I understand that the amount of restitution and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664. I agree to pay all restitution as ordered by the Court. I agree that the payment and enforcement of my restitution order is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

(3) I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me. I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised

release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

      j.    **Waiver of Interest.** The United States agrees to recommend that the Court waive interest for fines and restitution assessed against me.

13.    I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.    I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

*   *   *   *

I make the following representations to the Court:

1.    I am _42_ years of age. My education consists of _High School_. I _can_ [can/cannot] read and understand English.

2.    This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3.    No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.    Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5.    I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.    I am satisfied with my lawyer.

7.    My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this 7 day of July, 2025.

_____
Waneka Cornpeach
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this 7 day of July, 2025.

_____
Gregory Skordas
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this _____ day of _____, ____.

FELICE JOHN VITI
Acting United States Attorney

_____
Brian Dunn
Assistant United States Attorney

8. I have no mental reservations concerning the plea.

9. I understand and agree to all the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all the statements are correct.

DATED this _____ day of _____, ____.

                                          Waneka Cornpeach
                                        Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his [her] rights to him [her], and that I have assisted him [her] in completing this written agreement. I believe that he [she] is knowingly and voluntarily entering the plea with full knowledge of his [her] legal rights and that there is a factual basis for the plea.

DATED this _____ day of _____, ____.

                                        Gregory Skordas
                                        Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this _____ day of _____, ____.

                                        FELICE JOHN VITI
                                        Acting United States Attorney

                                        /s/ Brian Dunn
                                        Brian Dunn
                                        Assistant United States Attorney